UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | SA CV10-0159 CAS (PJWx) | Date | June 10, 2010 |
|---|---|---|---|
| Title | In re: NATIONAL CONSUMER MORTGAGE LLC.; JOHN P. BRINCKO, Chapter 11 Trustee of Debtor National Consumer Mortgage, LLC. V. RIO PROPERTIES, INC., d/b/a/ Rio Suite Hotel & Casino | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | NOT PRESENT | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not Present | Not Present | |

**Proceedings:** (In Chambers:)
**DEFENDANT'S MOTION TO TRANSFER VENUE** (filed 3/29/10)

**DEFENDANT'S MOTION TO STRIKE & EVIDENTIARY OBJECTIONS TO THE DECLARATION OF RUSSELL BOGART OFFERED IN SUPPORT OF THE TRUSTEE'S OPPOSITION TO RIO'S MOTION TO TRANSFER** (filed 06/01/10)

**DEFENDANT'S MOTION FOR SANCTIONS DUE TO SPOLIATION OF EVIDENCE** (filed 3/29/10)
CASLC1
**DEFENDANT'S MOTIONS TO STRIKE & EVIDENTIARY OBJECTIONS TO THE DECLARATIONS OF . . . OFFERED IN SUPPORT OF THE TRUSTEE'S OPPOSITION TO RIO'S MOTION FOR SPOLIATION SANCTIONS** (filed 06/01/10)**:**
1)  **THORA THORODDSEN;**
2)  **RUSSELL BOGART;**
3)  **CONRAD NILO;**
4)  **LORRAINE LODER; AND**
5)  **JOHN BRINCKO.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | SA CV10-0159 CAS (PJWx) | Date | June 10, 2010 |
|---|---|---|---|
| Title | In re: NATIONAL CONSUMER MORTGAGE LLC.; JOHN P. BRINCKO, Chapter 11 Trustee of Debtor National Consumer Mortgage, LLC. V. RIO PROPERTIES, INC., d/b/a/ Rio Suite Hotel & Casino | | |

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of June 14, 2010, is hereby vacated, and the matter is hereby taken under submission.

**I.   INTRODUCTION & BACKGROUND**

On April 2, 2008, plaintiff John P. Brincko, as Chapter 11 trustee of debtor National Consumer Mortgage, LLC ("NCM"), filed suit against defendant Rio Properties, Inc. dba Rio Suite Hotel & Casino ("Rio") in the United States Bankruptcy Court for the Central District of California alleging claims for fraudulent transfers under section 550(a)(2) of the Bankruptcy Code and the California Uniform Fraudulent Transfer Act, Cal. Civil Code §§ 3439 et seq. ("CUFTA"). Rio has raised a defense under 11 U.S.C. § 550(b) that it accepted the transfers at issue in good faith.

On September 14, 2009, in the related matter of John P. Brincko v. Bank of America, N.A., Case No. 09-792 CAS (the "BofA action"), the Court granted defendant Bank of America's motion to withdraw the reference. On March 29, 2010, the Court granted Rio's motion to withdraw the reference of this adversary proceeding from bankruptcy court to this Court.

On May 6, 2010, the Trustee filed a first amended complaint ("FAC") alleging claims for fraudulent transfers under sections 548(a)(1)(A) and 550 of the Bankruptcy Code and claims for actual and constructive fraud, pursuant to sections 544 and 550 of the Bankruptcy Code and the CUFTA.

The BofA action and the instant case arise out of the same alleged course of conduct. In both cases, the Trustee alleges that Salvatore Favata ("Favata"), the husband and son of the debtor NCM's alleged principals, used NCM to operate a Ponzi scheme through which he fraudulently induced investors to purchase bogus high-yield investments. FAC ¶ 5. In connection with the fraudulent scheme, beginning on at least September 4, 2003, Favata allegedly caused over $10,342,006 of NCM's assets to be transferred to defendant Rio. Id. ¶ 13. According to the Trustee, Favata used NCM's assets to purchase cashiers checks payable to himself from the BofA Santa Ana Branch,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | SA CV10-0159 CAS (PJWx) | Date | June 10, 2010 |
|---|---|---|---|
| Title | In re: NATIONAL CONSUMER MORTGAGE LLC.; JOHN P. BRINCKO, Chapter 11 Trustee of Debtor National Consumer Mortgage, LLC. V. RIO PROPERTIES, INC., d/b/a/ Rio Suite Hotel & Casino | | |

the debtor's bank. Id. He then allegedly endorsed these cashiers checks to the Rio Hotel and Casino in Las Vegas in exchange for casino checks. Id. The Trustee seeks to avoid those transfers as fraudulent pursuant to sections 544, 548 and 550 of the Bankruptcy Code, as well as under the CUFTA. Id. ¶ 5. Favata was criminally prosecuted for his involvement in the Ponzi scheme, admitted to the fraud, and pled guilty to criminal conduct. Id. ¶ 11; Case No. CR 06-0208 AG.

On March 29, 2010, defendant Rio filed the instant motion to transfer venue to the District of Nevada, pursuant to 28 U.S.C. § 1412, as well as the instant motion for sanctions due to spoliation of evidence. On May 17, 2010, the Trustee filed his oppositions to both motions. On June 1, 2010, Rio filed its reply in support of both motions and also filed six motions to strike and evidentiary objections to the declarations submitted by the Trustee in support of his opposition papers.[1] On June 10, 2010, the Trustee filed a consolidated opposition to Rio's six motions to strike evidence. After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

## II.    MOTION TO TRANSFER VENUE

### A.    Legal Standard

The transfer of an adversary proceeding arising under Title 11 to another district court for another district is governed by 28 U.S.C. § 1412. Section 1412 provides that the Court may transfer such a case "in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412.

Generally, a motion to transfer a civil action is governed by section 1404(a) which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might

---

[1] To the extent that the Court does not rely on the evidence which is the subject of defendant's numerous evidentiary objections, the Court DENIES defendant's motion to strike as moot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | SA CV10-0159 CAS (PJWx) | Date | June 10, 2010 |
|---|---|---|---|
| Title | In re: NATIONAL CONSUMER MORTGAGE LLC.; JOHN P. BRINCKO, Chapter 11 Trustee of Debtor National Consumer Mortgage, LLC. V. RIO PROPERTIES, INC., d/b/a/ Rio Suite Hotel & Casino | | |

have been brought." Id. § 1404(a). While the language of the two provisions is very similar, section 1404(a) affords deference to the plaintiff's choice of forum whereas section 1412 carries a presumption in favor of the court in which the debtor's bankruptcy case is pending. See Reid-Ashman Mfg. v. Swanson Semiconductor Serv., 2008 WL 425638, at *1 (N.D. Cal. Feb. 14, 2008). "The party that seeks to transfer venue bears the burden of showing by a preponderance of the evidence that transfer would be appropriate." TIG Ins. Co. v. Smolker (In re TIG Ins. Co.), 264 B.R. 661, 668 (Bankr. C.D. Cal. 2001). Further, the section 1412 statutory standards for transferring a bankruptcy case invoke the "interest of justice" and "convenience of the parties," but, unlike the general federal transfer statute, do not expressly include convenience of witnesses. See 1 Collier on Bankruptcy ¶ 4.04[3] (Alan N. Resnick & Henry J. Sommer eds. 15th ed. rev. 2005). The Bankruptcy Appellate Panel of the Ninth Circuit has noted that "[w]hether . . . this distinction makes any difference in the end is debatable." Donald v. Curry (In re Donald), 328 B.R. 192, 204 (B.A.P. 9th Cir. 2005) ("The analysis of any combination of 'interest of justice' and 'convenience of parties' under § 1412 is inherently factual and necessarily entails the exercise of discretion based on the totality of the circumstances, which may include considerations regarding witnesses and the presentation of evidence.").

Under the heading of the "interests of justice," courts have considered, in addition to the location of the pending bankruptcy: (1) whether the transfer would promote the economic and efficient administration of the bankruptcy estate; (2) whether the interests of judicial economy would be served by the transfer; (3) whether the parties would be able to receive a fair trial in each of the possible venues; (4) whether either forum has an interest in having the controversy decided within its borders; (5) whether the enforceability of any judgment obtained would be affected by the transfer; and (5) whether the plaintiff's original choice of forum should be disturbed. See In re TIG Ins. Co., 264 B.R. at 668. In analyzing the "convenience of the parties," courts have considered the following: (1) the location of the plaintiff and the defendant; (2) the ease of access to the necessary proof; (3) the convenience of the witnesses and the parties and their relative physical and financial condition; (4) the availability of the subpoena power for unwilling witnesses, and the expense related to obtaining witnesses. See id.; see also In re Cytodyn, 374 B.R. 733, 742 (C.D. Cal. 2007).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**　　　　　JS-6

| Case No. | SA CV10-0159 CAS (PJWx) | Date | June 10, 2010 |
|---|---|---|---|
| Title | In re: NATIONAL CONSUMER MORTGAGE LLC.; JOHN P. BRINCKO, Chapter 11 Trustee of Debtor National Consumer Mortgage, LLC. V. RIO PROPERTIES, INC., d/b/a/ Rio Suite Hotel & Casino | | |

**B.    Discussion**

Rio contends that the relevant factors governing transfer pursuant to section 1412 militate in favor of transferring the instant action to the District of Nevada. These factors are considered in turn.

　　　1.    Interests of Justice

Although the debtor's bankruptcy case is currently pending in the Central District of California, Rio contends that this fact alone is not dispositive. Mot. at 6. Rather, it argues that Nevada will be the most efficient forum for adjudicating this case due to the ease of access to witnesses and proof in Nevada, as well as the Nevada courts' familiarity with the law at issue. Id. at 7. In support of this argument, Rio asserts that the conduct at issue in this case occurred exclusively in Las Vegas, Nevada, having virtually nothing to do with the operation of NCM or the BofA action. Id. Further, Rio argues that while the Trustee is based in Los Angeles, California, he has had little involvement with the instant action. Id. In addition, Rio argues that since much of the expert discovery, in which the parties have yet to engage, will relate to unique and nuanced areas of Nevada gaming law, it would be most efficient and economical for the court system to be familiar with these gaming laws and regulations. Id. at 8. Most importantly, Rio argues that Nevada has an overriding interest in adjudicating this dispute given that the allegations arise from conduct that occurred in Nevada and that the state has a unique and substantial interest in the oversight of the gaming industry, which it regulates. Id. at 9. According to Rio, because its "good faith defense" is a fact-intensive inquiry into whether Rio took the alleged transfers in good faith, the case will focus on the conduct of Favata and the Rio employees in Las Vegas, Nevada. Id. In addition, Rio asserts that Nevada gaming officials are likely to be called as material witnesses in this matter to offer testimony on Rio's compliance with the gaming regulations in general and with regards to Favata specifically. Id. While California residents have an interest in the administration of the debtor's bankruptcy estate which is pending in this district, Rio maintains that their interest will be aided by having this matter resolved as efficiently and economically as possible. Id. at 10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| | | | |
|---|---|---|---|
| Case No. | SA CV10-0159 CAS (PJWx) | Date | June 10, 2010 |
| Title | In re: NATIONAL CONSUMER MORTGAGE LLC.; JOHN P. BRINCKO, Chapter 11 Trustee of Debtor National Consumer Mortgage, LLC. V. RIO PROPERTIES, INC., d/b/a/ Rio Suite Hotel & Casino | | |

      The Trustee responds that the instant motion should be summarily denied as untimely, given that the original complaint was filed in 2008. Opp'n at 11-14. Further, it argues that the plaintiff's choice of forum should be given the greatest possible deference, as it is also the same forum where the Trustee, the debtor and its former principals, the overwhelming majority of the debtor's creditors, and the underlying bankruptcy proceeding are located. Id. at 14. The Trustee contends that the interests of judicial economy will be severely frustrated by a transfer of venue due to: (1) the presence of the related litigation in this district; (2) the congestion of the Nevada courts; and (3) the waste of judicial resources due to the tardiness of Rio's application. Id. at 15-16. According to the Trustee, Rio is plainly engaging in forum shopping by seeking to transfer venue. Id. at 16-17. Finally, because subject matter jurisdiction in this case arises from a federal question, not diversity, and the pendant state claims are governed by California law, the Trustee argues that it cannot be said that Nevada has a greater interest in the litigation. Id. at 17-18. Even to the extent that the Nevada Gaming Regulations are relevant to deciding Rio's affirmative defense under 11 U.S.C. § 550(b)(1), the Trustee contends that Rio has failed to explain why the application of such regulations present "complex or novel questions of law" that this Court will not be able to adeptly address. Id. at 18.

      In its reply, Rio reiterates many of the same arguments it advanced in its moving papers. Reply at 3-10. It emphasizes that Nevada has the greater interest in adjudicating matters directly concerning the gaming industry, including Nevada gaming laws and regulations, as well as the application of federal anti-money laundering regulations to Nevada casinos. Id. at 4. Further, because the reference was just withdrawn, Rio argues that immediate transfer at this time will further the efficient administration of the estate and not require duplication of efforts expended so far by this Court. Id. at 8.

      The Court finds that the interests of justice factors weigh in favor of transfer. While there is a presumption in favor of this district in which NCM's bankruptcy proceeding is pending, it appears that the facts and law at issue in the instant action are distinct from those at issue in the bankruptcy case and the BofA action. Further, given that the conduct at issue occurred primarily in Las Vegas and Rio's purported "good faith defense" will rely heavily on Nevada gaming law and regulations, Nevada has an interest in having the controversy decided within its borders.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     JS-6

| | | | |
|---|---|---|---|
| Case No. | SA CV10-0159 CAS (PJWx) | Date | June 10, 2010 |
| Title | In re: NATIONAL CONSUMER MORTGAGE LLC.; JOHN P. BRINCKO, Chapter 11 Trustee of Debtor National Consumer Mortgage, LLC. V. RIO PROPERTIES, INC., d/b/a/ Rio Suite Hotel & Casino | | |

       2.      <u>Convenience of the Parties</u>

     Rio contends that the convenience of witnesses and parties provides an independent reason for transfer to the District of Nevada. Mot. at 11. First, it notes that Rio is a resident of Nevada and that NCM, while originally organized in the State of California, has ceased operations; and that the Trustee is located in Los Angeles, California. <u>Id.</u> Accordingly, Rio argues that their respective locations do not weigh heavily in favor of either venue. <u>Id.</u> at 12. However, Rio argues that because almost all of the original documentation, including audit records, relevant to this case are maintained in Las Vegas, Nevada, it would not only be burdensome to require Rio to litigate in Los Angeles but could also undermine the integrity of the files and hamper the Nevada Gaming Commission's review of its records. <u>Id.</u> at 12. Further, it argues that despite plaintiff's Rule 26 disclosures, fact discovery has made it clear that all of the important fact witnesses are located in Nevada. <u>Id.</u> According to Rio likely fact witnesses include: (1) current and former employees of Rio and Harrah's Operating Company, Inc. ("HOC"), the parent company of the Rio, who may have firsthand knowledge of Favata's gaming activity at Rio's casino; (2) current and former Rio and HOC employees with knowledge of the internal policies and procedures utilized in processing Favata's gaming transactions; and (3) Nevada Gaming Agents in contact with Rio employees regarding Favata. <u>Id.</u> at 12-13. Rio asserts that to date, the Trustee has deposed sixteen Nevada residents, all of whom he or Rio may seek testimony from at trial. <u>Id.</u> at 13. Rio argues that many of these individuals would undergo extreme hardship if required to be in Los Angeles for a lengthy trial. <u>Id.</u>; Ex.1 (hardship declarations from potential witnesses). As to the Nevada Gaming Commission agents, specifically, Agent Scott Robertson and Agent James Taylor, Rio contends that as residents of Nevada, these individuals could not be compelled to appear in a California court. <u>Id.</u> at 14. In addition, Rio argues that to the extent that any of the Nevada residents are non-party witnesses, including the employees of HOC and Desert Palace Inc. and Rio's former employees, such as David Darby and David Patent, they will be beyond this Court's subpoena power. <u>Id.</u> at 17.

     According to Rio, the only relevant witnesses who are in California are: (1) the Trustee; (2) Richard Martinez ("Martinez"), a former NCM employee; (3) Sandra Favata; and (4) Salvatore Favata. <u>Id.</u> at 15. Rio contends that the residence of these individuals

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | SA CV10-0159 CAS (PJWx) | Date | June 10, 2010 |
|---|---|---|---|
| Title | In re: NATIONAL CONSUMER MORTGAGE LLC.; JOHN P. BRINCKO, Chapter 11 Trustee of Debtor National Consumer Mortgage, LLC. V. RIO PROPERTIES, INC., d/b/a/ Rio Suite Hotel & Casino | | |

does not defeat transfer. Specifically, as to Martinez, Rio argues that he has already been deposed in this matter and it alleges that Martinez is an unreliable witness, having already perjured himself in this adversary proceeding. Id. With regard to Favata, who is incarcerated in federal prison through 2012, Rio asserts that the appropriate course of action, pursuant to Fed. R. Civ. P. 32, is to use his deposition testimony at trial. Id. at 16. Finally, with regard to Sandra Favata, who was not deposed by the Trustee, Rio argues that it is unclear what information she has that will be relevant to the instant action. Id.

The Trustee responds that Rio's contention that having the trial in this district would cause business disruption is disingenuous given that the percipient witnesses that Rio seeks to rely upon, and the relevant decision makers for its operations, are current or former employees of HOC and not Rio. Opp'n at 19. In support of this argument, the Trustee maintains that HOC, and its parent entity Harrah's Entertainment, Inc. ("HEI") are Delaware entities with a clear national and international reach. Id. Rather than decrease costs and inconveniences, the Trustee contends that a transfer to the District of Nevada will impose significant financial costs upon the Rio as its counsel resides in this district. Id. at 20. Further, he argues that Rio and HOC have engaged in extensive and continuous contacts with this forum. Id. at 21 (citing Snowey, et al. v. Harrah's Entertainment, Inc., 35 Cal. 4th 1054, 1066 (2005) (upholding the exercise of personal jurisdiction over HOC and the Rio based on their "purposeful and successful solicitation of business in California")). In particular, the Trustee argues, that the Rio directed a number of contacts towards this district as part of its effort to develop Favata as one of its largest customers. Id. at 22. In addition, the Trustee argues that Rio has only identified four employee-witnesses whose testimony is of marginal relevance. Id. Finally, the Trustee contends that consideration of the parties's ability to subpoena unwilling witnesses strongly supports retention of this action in this district. Id. at 23. According to the Trustee, he will suffer a substantial risk of prejudice if he is not able to question Favata.[2] Id. at 24. As to Rio's argument regarding current and former employees, he

---

[2] The Trustee asserts that Favata is currently incarcerated in Lompoc medium-level security federal prison. Opp'n at 24. Given the proximity of Lompoc to this Court, he argues that the procurement of Favata's trial testimony should not be burdensome, whereas the costs of transporting him over 400 miles to testify in federal court in Nevada

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     JS-6

| | | | |
|---|---|---|---|
| Case No. | SA CV10-0159 CAS (PJWx) | Date | June 10, 2010 |
| Title | In re: NATIONAL CONSUMER MORTGAGE LLC.; JOHN P. BRINCKO, Chapter 11 Trustee of Debtor National Consumer Mortgage, LLC. V. RIO PROPERTIES, INC., d/b/a/ Rio Suite Hotel & Casino | | |

responds that there is no indication that these witnesses cannot or will not appear for trial in the Central District of California. Id.

Rio replies that of the sixteen likely witnesses in Nevada, eight of these individuals are not current employees of the Rio, and thus their appearance at trial cannot be compelled absent service of process. Reply at 14. Because the Nevada residents may have information going to Favata's activities in Las Vegas and Rio's purported good faith receipt of the alleged transfers, Rio argues that their live testimony is indispensable. Id. at 14. By contrast, Rio reiterates that the non-party witnesses discussed by the Trustee are unlikely to have material information relating to the main issues of this case. Id. at 15-19.

Because Rio is a resident of Nevada and all of the relevant documents are located in Las Vegas, litigating in the District of Nevada would be more convenient for defendant. Given that the Trustee is located in Los Angeles, it would be somewhat more convenient for plaintiff to proceed in the Central District. Overall, however, the convenience of the parties factor favors transfer. Generally, in a motion to transfer under § 1404(a), the convenience of the witnesses, most particularly the non-party witnesses, figures most prominently. See Flotsam of Cal., Inc. v. Huntington Beach Conf. & Visitors Bureau, 2007 U.S. Dist. LEXIS 31762, at *9 (N.D. Cal. 2007). Here both parties set forth witnesses that are non-party witnesses. Because the issue in this case involves conduct that occurred in Las Vegas, Nevada, and these non-party witnesses are located in the District of Nevada, the convenience of the witnesses factor strongly weighs in favor of a transfer.

On balance, Rio has demonstrated that transfer of this case to the District of Nevada is appropriate. The Court therefore GRANTS defendant's motion.

### III. MOTION FOR SPOILATION SANCTIONS

Given that the Court grants Rio's motion to transfer, the Court declines to reach the

---

would be prohibitively more expensive. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | SA CV10-0159 CAS (PJWx) | Date | June 10, 2010 |
|---|---|---|---|
| Title | In re: NATIONAL CONSUMER MORTGAGE LLC.; JOHN P. BRINCKO, Chapter 11 Trustee of Debtor National Consumer Mortgage, LLC. V. RIO PROPERTIES, INC., d/b/a/ Rio Suite Hotel & Casino | | |

merit's of plaintiff's pending motion for sanctions and the relevant motions to strike.

**IV.  CONCLUSION**

In accordance with the foregoing, the Court GRANTS defendant's motion to transfer venue to the District Court, of the District of Nevada.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |